IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY STRAND and TOMMIE F. STRAND,

    Plaintiffs,

vs.                        No. CIV 96-487 MV/WWD

MINNESOTA MINING AND MANUFACTURING COMPANY; and foreign corporations,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Partial Summary Judgment Based on the Doctrine of Collateral Estoppel, filed November 30, 1998 **[Doc. 19]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

### BACKGROUND

Plaintiffs Nancy Strand and Tommie F. Strand bring this action against Defendant Minnesota Mining and Manufacturing Company ("3M") seeking damages for personal injuries to Nancy Strand and loss of consortium for Tommie Strand, allegedly caused by breast implants manufactured by Defendant. Plaintiffs move for partial summary judgment on the basis of claim preclusion on the issues of negligent design and design defect.

For the purpose of resolving this Motion, the Court finds that the following are the undisputed facts:

1. In a lawsuit in New Mexico State Court, Nancy Duke, who bears no relation the current Plaintiffs, brought suit against Defendant 3M alleging negligent design and design defect of her silicone gel breast implants, manufactured by 3M. *Duke v. 3M*, No. CV 93-5863, Second Judicial District, County of Bernalillo, State of New Mexico.

2. The jury found in favor of Duke, indicating on the special verdict form that: (1) 3M had been negligent in the design of the implants and that said negligence was a proximate cause of the plaintiff's injuries; and (2) the implants were defectively designed, though the design defect was not a proximate cause of the plaintiff's injuries.

3. Final judgment was entered in *Duke v. 3M* on November 7, 1997. 3M filed a Notice of Appeal on December 5, 1997, and the trial court entered an order staying execution of Judgment on December 10, 1997.

4. The New Mexico Court of Appeals has not yet issued a ruling in *Duke v. 3M*.

5. Nancy Duke's implants were Style 77 double lumen implants.

6. Nancy Strand's implants were Style 76 double lumen implants.

7. A double lumen implant contains an outer shell and an inner shell. The inner shell is filled with silicone gel. The outer shell is filled with saline which the surgeon injects through a valve, allowing the surgeon to make final adjustments to the implant.

8. Both Style 76 and Style 77 implants are double lumen implants, filled with a combination of silicone gel and saline, manufactured from the same component parts and with the same valve.

9. Style 76 is a round shaped implant whereas Style 77 is a teardrop shaped implant. As a result of the difference in shapes, the implants have different sizes and dimensions.

10. Breast implants come in various sizes. The record does not reflect what size implants either Nancy Duke or Nancy Strand used.

11. Juries have returned verdicts in favor of 3M in cases alleging negligence and design defects of the Style 76 double lumen implant in at least two cases in other states. *Tyson v. 3M*, No. 55915-2, Thirteenth Judicial District of Tennessee (1996); *Daugherty v. 3M*, No. 94-015660, 125th Judicial District of Texas (1996) (involving three plaintiffs).

12. Plaintiffs also produce evidence that 3M acquired FDA approval for some of its implants by demonstrating to the FDA that the designs were substantially similar to products already on the market. However, none of the documents produced identify Style 76 or Style 77 double lumen implants as being at issue. In addition, Plaintiffs present evidence that all double lumen silicone gel implants share certain characteristics, regardless of who manufactured them.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond

the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## ANALYSIS

Plaintiffs move for partial summary judgment, arguing that the jury finding of negligent design and design defect in *Duke v. 3M* should have preclusive effect, preventing 3M from relitigating those issues here. Defendant raises a number of arguments in response. The Court will address only the argument it finds most compelling and therefore dispositive: that Plaintiffs have not established that the design defects of the Style 77 implant actually litigated in *Duke* are identical to the issues regarding the design defects of the Style 76 implant which they allege in the current case.[1]

---

[1]The Court also notes that it is not persuaded that the State of New Mexico would give preclusive effect to the judgment in *Duke* given that the trial court has entered an order staying execution of judgement. *See Brunacini v. Kavanagh*, 117 N.M. 122, 178-129 (Ct. App. 1993) (discussing effect of stay on finality of judgment). However, the Court does not rule on these grounds because the Court anticipates a final decision in *Duke* will be available before the

4

"This court gives full faith and credit to state court judgments." *Wilkinson v. Pitkin County Board of County Commissioners*, 142 F.3d 1319, 1322 (10th Cir. 1998); *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir.1997) (*citing* 28 U.S.C. § 1738); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-85, 104 S.Ct. 892, 895-98, 79 L.Ed.2d 56 (1984). In a diversity action in federal court, the preclusive effect of a state-court decision is governed by state law. *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1247, (D.N.M. 1996).

Collateral estoppel or issue preclusion prevents "the relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Shovelin v. Central New Mexico Electrical cooperative, Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993) (*quoting International Paper Co. v. Farrar*, 102 N.M. 739, 741, 700 P.2d 642, 644 (1985) and *Adams v. United Steelworkers*, 97 N.M. 369, 373, 640 P.2d 475, 479 (1982)); *Silva v. State*, 106 N.M. 472, 474-76, 745 P.2d 380, 382 (1987). The New Mexico Supreme Court has held that collateral estoppel does not require an identity of all parties but may be used "offensively" to prevent one party from relitigating an issue decided adversely to its interest in an unrelated lawsuit. *Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. However, the moving party must demonstrate that:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-76. Further, "[t]he party seeking to preclude litigation of an issue has the burden of showing with clarity and certainty that the issue was actually and necessarily determined; if the basis of the prior decision is unclear, subsequent litigation may

---

conclusion of this lawsuit. Because the Court finds that issue preclusion would not apply even if the *Duke* decision were final, the Court deems it more expeditious to rule on this basis now.

proceed. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 122, 898 P.2d 1256, 1260 (Ct. App.) *cert. denied*, 120 N.M. 68, 898 P.2d 120 (1995) (*citing Connors v. Tanoma Mining Co.*, 953 F.2d 682, 684 (D.C.Cir.1992); *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir.1992); and *Gulf Tampa Drydock Co. v. Germanischer Lloyd*, 634 F.2d 874, 877-78 (5th Cir.1981)). "If the movant introduces sufficient evidence to meet all elements of this test, the trial court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Shovelin*, 115 N.M. at 297; *Sliva*, 106 N.M. at 474-75. Ultimately, "[w]hether the doctrine should be applied is within the trial court's discretion." *Shovelin*, 115 N.M. at 299; *Sliva*, 106 N.M. at 476.

In the present case, Nancy Strand asserts that the Style 76 double lumen breast implant manufactured by 3M was negligently designed and defective. In the previous lawsuit, *Duke v. 3M*, Nancy Duke successfully proved that the Style 77 double lumen breast implant was negligently designed and defective. Plaintiffs request that this Court give preclusive effect to the *Duke* decision, on the theory that the only difference between the Style 77 and the Style 76 implant is the shape and size.

The jury verdict in *Duke v. 3M* does not specify what about the Style 77 implant it found defective. Plaintiffs have likewise failed to identify what is defective about either the Style 77 or Style 76 implant, asserting that there are so many defects with the products that it is not feasible to pinpoint the exact problem. In this vein, Defendant produces exerts from the *Duke* trial transcript demonstrating that the plaintiff in that case simultaneously pursued numerous theories of design defect. Indeed, in the opening statement, Nancy Duke's attorney stated, "[y]ou might wonder specifically what is wrong. . . . [T]here are a number of things that were wrong with her implants.

6

Some of these are wrong with every one of the double-lumen implants and some were wrong with Nancy's." The attorney continued to state that the evidence would show that the shell lining of one of Nancy Duke's implants had actually ruptured, in addition to other defects which would be shown.

If Plaintiffs had demonstrated to the Court that the design defects of the Style 77 implant are necessarily shared by the Style 76 implant, issue preclusion might be appropriate. However, the record currently before the Court fails to demonstrate that the Style 76 implant is necessarily defective in the same manner as the Style 77 implant. In particular, the Court is left wondering whether differences in shape, size and dimension are relevant to whether the implant is likely to leak or rupture. Likewise, the testimony from the *Duke* case presented to the Court indicates that the manner in which the surgeon adjusted the implant contributed to the rupture of the implant. The Court is thus also left wondering whether the role of the surgeon in filling or adjusting the implant differs based on the size or shape of the implant.

If the plaintiff in *Duke* had pursued one or a limited number of theories of design defect which were necessarily common between these implants--for example, a defect with the valve, a problem with the silicone gel, a defect with the lining--then it might be possible to state with certainty that the issue of defect had been previously litigated. Nancy Duke, however, launched an all out assault on her breast implants, producing substantial evidence demonstrating numerous problems with her specific implants. It is true that the Defendant has not produced any testimony definitively demonstrating that the shape, size or dimensions of the Style 77 implant were relevant to the finding of defect. But the burden of proof on this Motion rests with Plaintiffs and Plaintiffs have failed to articulate or demonstrate that the design defects are necessarily common. *State ex rel. Martinez*, 120 N.M. at 122 (moving party has "burden of showing with clarity and certainty that the

issue was actually and necessarily determined"). Rather, Plaintiffs rely on the mere assertions that the Style 77 implant was found defective and that the Style 77 and Style 76 are the same except for size, shape and dimension. Absent evidence which demonstrates that the size, shape and dimension were not relevant to the juries finding of defect, the Court cannot say with certainty that the issue of defect in this case was previously litigated. For these reasons, the Court finds that Plaintiffs have failed to meet their burden in establishing that the same issue of design defect was necessarily litigated in the prior lawsuit. *Id*; *Shovelin*, 115 N.M. at 297. Accordingly, the Court will decline to give the prior suit preclusive effect at this time.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Partial Summary Judgment Based on the Doctrine of Collateral Estoppel **[Doc. 19]** is hereby **DENIED**.

                                                                  MARTHA VÁZQUEZ
                                                                  U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Turner Branch
    Margaret Moses Branch

Attorneys for Defendant:
    Douglas Schneebeck
    James Bennett