IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY STRAND and TOMMIE F.
STRAND,

      Plaintiffs,

    vs.                                        No. CIV 96-487 MV/WWD

MINNESOTA MINING AND
MANUFACTURING COMPANY;
and foreign corporations,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment, filed September 29, 1998 **[Doc. 11]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

### BACKGROUND

Plaintiffs Nancy Strand and Tommie F. Strand bring this action against Defendant Minnesota Mining and Manufacturing Company ("3M") seeking damages for personal injuries to Nancy Strand and loss of consortium for Tommie Strand, allegedly caused by breast implants manufactured by Defendant. Defendant moves for summary judgment in its favor arguing that Plaintiffs' claims are barred by the statute of limitations.

For the purpose of resolving this Motion, the Court finds that the following are the undisputed facts:

1. Nancy Strand underwent a bilateral breast augmentation with two 3M/McGhan Style 76 silicone gel breast implants on April 28, 1982.

2. As a result of the breast implants and their subsequent removal, Nancy Strand is left physically deformed and has local injuries.

3. From the time of the surgery on, Plaintiff suffered pain in her left breast, pain behind her left nipple, numbness in her breasts, decreased sensation of her nipples, and cold in her breasts, all of which she immediately attributed to the breast implants.

4. In 1994, Nancy Strand went to see Dr. Bartlett about removing the breast implants. At the time of her visit to Dr. Bartlett, Nancy Strand was experiencing the following systemic symptoms which she by then attributed to the breast implants: fatigue, pains, aches, falling, loss of concentration, heart problems, painful intercourse, irritable bowel syndrome, breasts hurting and numb in places, breasts burning, breasts painful around areola, and insomnia.[1]

Based on the forgoing, Defendant asserts that Plaintiffs failed to file their Complaint within the three year statute of limitations because Nancy Strand knew as early as 1982 that she was suffering ill effects which she attributed to the breast implants. Plaintiffs respond that it was not until 1994 that Mrs. Strand realized that her systemic symptoms were caused by Defendant's product and not until that time that she realized that Defendant had been negligent.

---

[1] Plaintiffs have inexplicably failed to attach any exhibits which would prove these facts. However, Defendant does not contest any of these facts in its Reply or complain of the lack of evidentiary support for these facts. Accordingly, the Court will treat these as undisputed facts. However, the Court is troubled by Plaintiffs complete failure to produce evidence in support of its contentions.

**STANDARD OF REVIEW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of

law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## ANALYSIS

Defendant contends that summary judgment in its favor is mandated because Plaintiffs failed to file their Complaint within the statute of limitations period. All parties agree that this action is governed by the New Mexico Statute of Limitations which requires that actions for personal injury be filed within three years of accrual. NMSA 1978, § 37-1-8 (Repl. Pamp. 1990). Plaintiffs served Defendant with their Complaint prior to July 29, 1996. Thus, all parties agree that if Plaintiffs' claims accrued prior to July 29, 1993, they are barred by the statute of limitations.

The undisputed facts demonstrate that Nancy Strand suffered ill effects from the breast implants, including numbness and pain, from 1982 on, and that Mrs. Strand attributed these symptoms to the implants at that time. Plaintiffs assert however that it was not until 1994, that Mrs. Strand realized that her systemic symptoms were associated with the implants and that Defendant had been negligent. Accordingly, Plaintiffs argue that the statute of limitations was tolled until that time. The question currently before the Court is whether Mrs. Strand's cause of action accrued in 1982, at or soon after the surgery, or whether the statute of limitations was tolled until Mrs. Strand "discovered" the systemic nature of her injuries.

The established rule in New Mexico has been that the statute of limitations for personal injury begins to run "when an injury manifests itself and is ascertainable rather than when the wrongful or negligent act occurs." *Bolden v. Village of Corrales*, 111 N.M. 721, 722, 809 P.2d 635, 636 (Ct.App.), cert. denied, 111 N.M. 77, 801 P.2d 659 (1990) (citing *Long v. Weaver*, 105 N.M. 188, 191, 730 P.2d 491, 494 (Ct.App.1986)). In *Bolden*, the plaintiff had fallen immediately injuring

her ankle, though the extent of the injury was not known until the next day when the ankle was operated on. The plaintiff filed suit two years to the day of the surgery, one day past the two year anniversary of the injury. The Court of Appeals held that the plaintiff's claims were barred by the two year statute of limitations for tort suits against government agencies because the claims accrued on the day of the accident, stating, "[a]t that time, it was certain that plaintiff had suffered an injury as a consequence of the alleged wrongful act of another for which the law affords a remedy." *Id*. at 722. The court stated,

> [t]he fact that the full extent of the injury was not known does not affect the running of the statute of limitations. To so hold would defeat the purpose of the statute of limitations. It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run. Once plaintiff suffers loss or injury, the statute begins to run.

*Id*.; *see also Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980) ("this Court has recognized that a legally cognizable injury or damage begins the running of the statutory period . . . even though the ultimate damage is unknown or unpredictable. . . . In the instant case, Robbins was well aware of the injury and its cause shortly after it occurred. That he might have then believed the injury was only temporary is irrelevant." Applying Federal Tort Claims Act); *Lopez v. United States*, 998 F.Supp. 1239, 1243 (D.N.M. 1998) (same holding, applying Federal Tort Claims Act).

In New Mexico, under certain circumstances, the running of statute of limitations may be tolled by the "discovery rule" which provides that a cause of action for personal injury does not accrue until the plaintiff knew or should have known of both the injury and the cause. *Roberts v. Southwest Community Health Services*, 114 N.M. 248, 256 (1992) (discovery rule applies to medical malpractice claims); *see also Sawtell v. E.I. Du Pont De Nemours and Co., Inc*. 22 F.3d 248, 251-252 (10th Cir. 1994) (predicting that New Mexico will extend discovery rule to products liability

5

cases). In a case currently before the Supreme Court, the New Mexico Court of Appeals held that the discovery rule does in fact apply to cases of product liability such as the case at bar. *Martinez v. Showa Denko, K.K.*, 125 N.M. 615, , 964 P.2d 176, 181 (Ct. App. 1998) cert. granted (August 19, 1998). *Martinez* involves claims of personal injury from plaintiff's use of a diet supplement. Despite agreeing that the discovery rule applied to such cases, the Court of Appeals in *Martinez* held that the plaintiff's claims were nevertheless barred because the plaintiff had recognized symptoms which she attributed to the diet supplement prior to the statute of limitations cut-off, even though she had conflicting diagnoses and did not know the full extent of her injuries. *Id*. at 181. The plaintiff's early symptoms had included "flu-like symptoms, loss of appetite, fatigue, memory loss, lack of concentration, nausea, and a rash that developed over much of her body." *Id*. at 177.

Likewise, in *Martinez-Sandoval v. Kirsch*, 118 N.M. 616 (Ct. App. 1994), the Court of Appeals held that the discovery rule provided no assistance to the plaintiff in avoiding the statute of limitations. The plaintiff in *Martinez-Sandoval* brought suit against a priest for sexual abuse alleged to have occurred from 1973 to 1977. *Id*. at 618. The question before the court was whether the plaintiff's cause of action accrued prior to August 1988, one year after the plaintiff reached the age of majority. The plaintiff argued that her cause of action did not accrue until 1991 when, in the course of psychotherapy, she discovered that she suffered from severe psychological problems caused by the defendant's conduct. *Id*. at 618. Although the court did not actually adopt the discovery rule at that time, the court stated, "we assume that the cause of action does not accrue until the plaintiff knows or should reasonably have discovered that she has suffered appreciable harm from the defendant's misconduct." *Id*. at 622. In the case before it, the court concluded that "pain and discomfort" which the plaintiff experienced during sexual relations with the defendant and the fact

6

that she found the relationship "distasteful and overwhelming" were insufficient harms to trigger the running of the statute of limitations. *Id.* However, the court held that when the plaintiff contracted a venereal disease from the defendant and became pregnant, leading to an abortion, she had sustained "sufficiently substantial injuries that once she knew that they were caused by [the defendant], the limitations period would no longer be delayed by the discovery rule." *Id*. The court concluded,

> [t]hus, regardless of whether Plaintiff knew or should have known of the severe psychological damage caused by [defendant's] alleged misconduct, Plaintiff knew and should have known well before the limitations cutoff date that the alleged misconduct had caused her other substantial injury. The limitations period is not tolled simply because a plaintiff does not know the full extent of her injury; the statute begins to run once she knows or should know sufficient facts to constitute a cause of action.

*Id*. (citations omitted); *see also LaMure v. Peters*, 122 N.M. 367, 370-71 (Ct. App. 1996) (under discovery rule, statute begins to run when "there has been actual injury regardless of whether future events may affect the permanency of the injury or the amount of monetary damages eventually incurred.").

In the present case, Nancy Strand acknowledges experiencing pain and numbness in her breasts since the time of the implantation in 1982, though she contends that she did not realize her systemic symptoms were caused by the breast implants until 1994. Although the record before the Court is slim, Defendant does not contest this summary of the facts. The question is thus whether the pain and numbness which Mrs. Strand experienced since 1982 is a sufficiently "appreciable harm" or "substantial injury" to trigger Mrs. Strand's cause of action in relation to the breast implants. *Martinez-Sandoval*, 118 N.M. at 622. As stated in *Martinez-Sandoval*, "the statute [of limitations] begins to run once [plaintiff] knows or should know sufficient facts to constitute a cause of action." *Id*. Thus, the Court must ask, were the pain and numbness which Mrs. Strand experienced

7

sufficiently substantial to found a cause of action in 1982? As should be apparent, this is not a question with an easy or definitive answer.

Based on the reasoning of *Martinez-Sandoval*, the Court concludes that the early ailments complained of here were not sufficiently substantial injuries to trigger Mrs. Strand's cause of action. In *Martinez-Sandoval*, the New Mexico Court of Appeals held that the pain and discomfort which the plaintiff experienced during sex with the defendant were not sufficiently substantial harms to start the running of the statute of limitations. But, the court stated that it could not conclude that an abortion and venereal disease were harms too insubstantial to found a cause of action. *Id*. Likewise, in the present case, the Court concludes that the pain and numbness suffered by Mrs. Strand since 1982 were not sufficiently substantial injuries or a sufficiently appreciable harm to start the running of the statute of limitations at that time. *Id*. It may be that other harms experienced by Mrs. Strand prior to 1994 which she did or should have attributed to the breast implants would be sufficiently substantial to trigger the statute of limitations. The record presently before the Court fails to disclose any such facts. Accordingly, Defendant's Motion for Summary Judgment will be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motions for Summary Judgment **[Doc. 11]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE

Attorneys for Plaintiffs:  Attorneys for Defendant:
Turner Branch  Douglas Schneebeck
Margaret Moses Branch  James Bennett